**LAW OFFICES OF THOMAS J. KELLEY & ASSOCIATES**
SHAWNA R. LAUGHLIN, ESQUIRE                              Attorney for Defendant
IDENTIFICATION NO. 209987                                      Marie Badaracco-Apolito
50 GLENMAURA NATIONAL BOULEVARD
SUITE 300 – GLENMAURA PLAZA
MOOSIC, PA 18507
(570) 343-6570

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALBERT HUGHES, III | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| vs. | : | (Honorable A. Richard Caputo) |
| | : | |
| MARIE BADARACCO-APOLITO and | : | |
| HENDRICK BARNER, | : | |
| | : | Docket #: 3:14 CV 01839-ARC |
| Defendants | : | |

**STATEMENT OF MATERIAL FACTS**

Pursuant to Fed. R.C.P. 56 and Local C.R. 56.1, Defendant, Marie Badaracco-Apolito by and through her attorneys, Thomas J. Kelley & Associates, by Shawna R. Laughlin, Esquire, hereby submits the following Statement of Material Facts in Support of its Motion for Summary Judgment filed contemporaneously herewith.

1. On the date of the alleged subject incident, Defendant Dr. Barner was a house guest of Moving Defendant.

2. Moving Defendant and Defendant Dr. Barner have testified that Moving Defendant always walked her dogs on a leash, one at a time, so that she could control them. (See Badaracco-Apolito Transcript at 10:16-18 and 15:8-10, relevant portions attached to Defendant's Motion and marked as Exhibit "D." See Barner Transcript at 10:10-14 and 9:11-22, relevant portions attached to Defendant's Motion and marked as Exhibit "E").

3. Defendant Dr. Barner was well aware of Moving Defendant's policy that the dogs were never to go out of the house without a leash and testified that she told him that "repeatedly." (See Exhibit E at 17:12-24, 10:13-14, 10:15-18 and Exhibit D at 21:13-20 and 28:1-5 attached to Defendant's Motion, See also Barner's Answers to Request for Admissions number 9 attached to Defendant's Motion and marked as Exhibit "F" and Barner's Answers to Defendant's Interrogatories number 5, relevant portions attached to Defendant's Motion and marked as Exhibit "G").

4. Whenever he had walked the dogs before with Moving Defendant they were always kept on leashes with one person each walking one dog. (See Exhibit D at 64:17-19 and Exhibit E at 9:11-17 attached to Defendant's Motion).

5. He has testified that it was "prudent" to walk the dogs that way. (See Exhibit E at 9:18-22 attached to Defendant's Motion).

6. On the date of the subject incident, Moving Defendant was in her bedroom/bathroom getting ready for church when Defendant Dr. Barner let the dogs out of the house without advising Moving Defendant that he was doing so. (See Exhibit D at 38:13-18 attached to Defendant's Motion).

7. Further, Defendant Dr. Barner did not recall whether Moving Defendant had asked him to take the dogs out or if he independently just thought it was appropriate for them to go out at that time. (See Exhibit E at 30:20-24 attached to Defendant's Motion).

8. Unbeknownst to Moving Defendant, Dr. Barner had let the dogs out the night before the subject incident without leashes. (See Exhibit E at 10:3-7 attached to Defendant's Motion).

9. Despite Moving Defendant's explicit instructions not to take the dogs out without a leash, Defendant Dr. Barner stated "I felt I was getting to know the dogs better and I was very comfortable with them. I thought I had a good relationship with them and I said, you know, why not?" (See Exhibit E at 17:12-21 attached to Defendant's Motion).

10. On the date of the subject incident, Defendant Dr. Barner let the dogs out the same way he had the night before except that this time the dogs ran from the property as the garage door was opening. (See Exhibit E at 19:18-25 through 20:1-5 attached to Defendant's Motion).

11. On the date of the subject incident, Defendant Dr. Barner attempted to take the dogs outside without leashes. (See Exhibit F number 10 attached to Defendant's Motion).

12. This was in complete disregard of Moving Defendant's instructions that the dogs never go out without a leash and without the Moving Defendant's knowledge.

13. Absent Dr. Barner's actions, the dogs would have remained securely on Moving Defendant's premises.

Respectfully Submitted,

**LAW OFFICES OF THOMAS J. KELLEY**

/S/ Shawna R. Laughlin, Esquire
Shawna R. Laughlin, Esquire
50 Glenmaura National Boulevard
Third Floor, Glenmaura Professional Plaza
Moosic, PA 18507
(570) 343-6570; (570) 343-5183 (fax)
slaughli@travelers.com
ID No. 209987