**LAW OFFICES OF THOMAS J. KELLEY & ASSOCIATES**
SHAWNA R. LAUGHLIN, ESQUIRE                               Attorney for Defendant
IDENTIFICATION NO. 209987                                 Marie Badaracco-Apolito
50 GLENMAURA NATIONAL BOULEVARD
SUITE 300 – GLENMAURA PLAZA
MOOSIC, PA 18507
(570) 343-6570

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALBERT HUGHES, III | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| vs. | : | (Honorable A. Richard Caputo) |
| | : | |
| MARIE BADARACCO-APOLITO and | : | |
| HENDRICK BARNER, | : | |
| | : | Docket #: 3:14 CV 01839-ARC |
| Defendants | : | |

**DEFENDANT, MARIE BADARACCO-APOLITO'S BRIEF
IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

**I.    PROCEDURAL HISTORY**

Plaintiff, Albert Hughes, III, initiated this action by filing a Complaint on September 22, 2014.  Thereafter an Amended Complaint and Second Amended Complaint were filed of which the Amended Complaint stands per the Court's Order dated February 17, 2015.  (See Exhibit A attached to Defendant's Motion).  Discovery and depositions with regard to the subject matter of the instant motion have been completed.

**II.   STATEMENT OF FACTS**

In his Amended Complaint, Plaintiff alleges that he was injured on February 17, 2013 when he was "attacked" by "two unleashed German Shepherd dogs that were owned and/or controlled by the defendants . . . ."  (See Exhibit B attached to Defendant's Motion).   Plaintiff's Amended Complaint is in three counts – negligence, negligence per se, and punitive damages.

1

(See Exhibit B attached to Defendant's Motion).  Count III for punitive damages of Plaintiff's Amended Complaint has been dismissed with prejudice.  (See Exhibit A attached to Defendant's Motion).

Regarding negligence, Plaintiff alleges that the dogs were owned by Moving Defendant and let out of the house by Defendant Barner with Moving Defendant's knowledge, permission, and consent.  (See Exhibit B attached to Defendant's Motion).  He further alleges that Moving Defendant was convicted of two counts of violating the Pennsylvania Dog Law:  Failure to Confine Dogs and Harboring Dangerous Dogs.  Regarding Negligence Per Se, Plaintiff reiterates the details of Moving Defendant being convicted of two counts of violating the Pennsylvania Dog Law:  Failure to Confine Dogs and harboring Dangerous Animals.  (See Exhibit B attached to Defendant's Motion).

On March 27, 2015, Moving Defendant filed an Answer to Plaintiff's Amended Complaint denying all liability and specifically averred that a violation of the dog law does not establish the causation element required for a finding of liability and that the summary offenses are inadmissible for collateral estoppel purposes.  (See Exhibit C attached to Defendant's Motion).  Further, discovery and depositions have revealed that Moving Defendant violated no duty owed to the Plaintiff and that if it weren't for Defendant Dr. Barner's actions, Moving Defendant's dogs would have remained securely within her premises no the date of the subject incident.  As such, Plaintiff is unable to prove that Moving Defendant was negligent or negligent per se and the claims against her must be dismissed with prejudice.

### III. QUESTION INVOLVED

**Should the claims against Moving Defendant, Marie Badaracco-Apolito, be dismissed as a matter of law where the parties have failed to prove that Moving Defendant was negligent in any manner with regard to the subject incident?**

**Suggested Answer:  In the affirmative.**

IV. <u>**ARGUMENT**</u>

Federal Rule of Civil Procedure 56 permits a party to move for summary judgment and states that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is no factual dispute that Plaintiff has failed to prove that Moving Defendant is liable for the Plaintiff's injuries based upon a claim of negligence or negligence per se and therefore the instant Motion must be granted and the claims against Moving Defendant dismissed with prejudice.

Plaintiff has alleged counts of negligent and negligence per se with regard to Moving Defendant.  (See Exhibit B attached to Defendant's Motion).   He has failed to establish that Moving Defendant was negligent in any manner and as such, all claims must be dismissed with prejudice.

To establish a prima facie negligence claim, Plaintiff must show that: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached the duty; (3) such breach caused the injury in question and (4) plaintiff incurred actual loss or damage. <u>Mracek v. Bryn Mawr Hospital</u>, 610 F.Supp. 2d 401 (Ed. Pa. 2009). "The Commonwealth does not impose absolute liability on the owner for dog attacks." <u>McCloud v. McLaughlin</u>, 2003 Pa. Super. 451, 837 A.2d 541, 544 (2003).  "'Proof of negligence, in contrast to holding one absolutely liable, is the vehicle by which accountability for injury sustained because of a dog bite is to be established.'"  <u>Id</u>., *citation omitted*.  "This means that a person who is injured by a dog must prove that the dog owner acted negligently." <u>Allen v. Tanchuk</u>, 2009 WL 6477035 (CCP

Lawrence Co., November 10, 2009, J. Cox), 11 Pa. D.&C. 5th 326[1], *citing* McCloud, supra. and Deardorff v. Burger, 414 Pa. Super. 45, 52, 606 A.2d 489, 493 (1992). "The plaintiff must demonstrate that the owner failed to take proper precautions to preclude the dog from acting in a vicious manner." Id. at 332, *citing* Deardorff, 414 Pa. Super. at 50, 606 A.2d at 492 (Darby v. Clare F. and R. Co., 111 Pa. Super. 537, 170 A. 387 (1934).

On the date of the subject incident, Moving Defendant was in her bedroom/bathroom getting ready for church when Defendant Dr. Barner let the dogs out of the house without advising Moving Defendant that he was doing so. (See Exhibit D at 38:13-18 attached to Defendant's Motion). Although Defendant Dr. Barner testified he was "repeatedly" told that the dogs were to never be left outside of the house with a leash he attempted to do just that on the date of the subject incident. (See Exhibit E at 17:12-24, 10:13-14, 10:15-18 and Exhibit D at 21:13-20 and 28:1-5 attached to Defendant's Motion. See also Exhibit F numbers 9 and 10 and Exhibit G number 5 attached to Defendant's Motion). Absent Defendant Dr. Barner's actions, the dogs would have remained securely on Moving Defendant's premises.

Defendant Dr. Barner was familiar with the dogs and had been around them on prior occasion – even walking them before. Moving Defendant and Defendant Dr. Barner testified that Moving Defendant always walked her dogs on a leash, one at a time, so that she could control them. (See Exhibit D at 10:16-18 and 15:8-10 and Exhibit E at 10:10-14 and 9:11-22 attached to Defendant's Motion). Whenever he had walked the dogs before with Moving Defendant they were always kept on leashes with one person each walking one dog. (See Exhibit D at 64:17-19 and Exhibit E at 9:11-17 attached to Defendant's Motion). Defendant Dr. Barner testified that it was "prudent" to walk the dogs that way. (See Exhibit E at 9:18-22 attached to Defendant's Motion).

---

[1] A true and correct copy of the Allen opinion is attached as Exhibit 3 to Moving Defendant's brief.

Defendant Dr. Barner even took the dogs outside by himself the night prior to the subject incident without incident. (See Exhibit E at 10:3-7 attached to Defendant's Motion). Unbeknownst to Moving Defendant, he let them out without leashes. (See Exhibit E at 10:3-7 attached to Defendant's Motion). Despite Moving Defendant's explicit instructions not to take the dogs out without a leash, Defendant Dr. Barner stated "I felt I was getting to know the dogs better and I was very comfortable with them. I thought I had a good relationship with them and I said, you know, why not?" (See Exhibit E at 17:12-21 attached to Defendant's Motion). On the date of the subject incident, Defendant Dr. Barner let the dogs out the same way he had the night before except that this time the dogs ran from the property as the garage door was opening. (See Exhibit E at 19:18-25 through 20:1-5 attached to Defendant's Motion).

Defendant Dr. Barner, a guest in Moving Defendant's home, was told repeatedly that the dogs were not to go outside without a leash. It was Defendant Dr. Barner that chose to disregard those instructions and let the dogs outside of the house without a leash. Moving Defendant herself did not breach any duty with regard to the Plaintiff. Without Defendant Dr. Barner's actions and inactions, Moving Defendant's dogs would have remained securely within her premises. Moving Defendant acted reasonably and took proper precautions in securely her dogs within her premises on the date of the subject incident and as such as a matter of law cannot be found negligent.

Additionally the fact that Moving Defendant was found guilty of violating the Pennsylvania Dog Law related to failure to confine dogs and harboring a dangerous dog is not enough to establish liability. See <u>Villaume v. Kaufman</u>, 379 Pa. Super. 561, 550 A.2d 793 (1988) and <u>Miller v. Hurst</u>, 302 Pa. Super. 235, 448 A.2d 614 (1982).

In order to prove a claim based on negligence *per se,* the following four requirements must be met:

> (1) The purpose of the statute must be, at least in part, to protect the interest of a group of individuals, as opposed to the public generally;
> (2) The statute or regulation must clearly apply to the conduct of the defendant;
> (3) The defendant must violate the statute or regulation;
> (4) The violation of the statute or regulation must be the proximate cause of the plaintiff's injuries.

Wagner v. Anzon, Inc., 453 Pa. Super. 619, 627, 684 A.2d 570, 574 (1996), *citing* Kaplan v. Philadelphia Transp. Co., 404 Pa. 147, 171 A.2d 166 (1961) and Cecile Industries Inc. v. U.S., 793 F.2d 97 (3rd Cir.1986). The purpose of the asserted statute or regulation must be:

> (a) to protect a class of persons which includes the one whose interest is invaded, and
> (b) to protect the particular interest which is invaded, and
> (c) to protect that interest against the kind of harm which has resulted, and
> (d) to protect that interest against the particular hazard from which the harm results.

Id. at 627-28, 684 A.2d 574, *citing* Congini by Congini v. Portersville Valve Co., 504 Pa. 157, 162, 470 A.2d 515, 517–18 (1983) (quoting Restatement (Second) of Torts, § 286 (1965)). However, "only an unexcused violation of the Dog Law is negligence per se." Villaume at 566, 550 A.2d 796. Negligence is not found where a dog is running at large despite the exercise of due care. See Villaume at 561, 550 A.2d 793 and Miller at 235, 448 A.2d 614.

In Villaume, a jury found that the defendants were not negligent as a result of their Doberman Pinscher running onto the plaintiffs' property and attacking their Shetland Sheepdog during which the plaintiff wife was injured. Id. The Pennsylvania Superior Court agreed that the determination was reasonable based upon the evidence presented as the defendant's dog was still wearing his collar and was dragging an unbroken chain at the time of the incident to which there was no evidence as to how he got free. Id. The Court stated that it was a determination for the

jury with regard to negligence. Id. Villaume is somewhat similar to the instant action in that Moving Defendant's dogs ran from her property and allegedly injured the Plaintiff through no fault of the Moving Defendant. Unlike Villaume, the question does not need to be left to the jury as it is known in the instant action how the dogs got loose which was through Defendant Dr. Barner's actions/inactions in letting the dogs out without leashes despite being repeatedly told not to do that very thing. It is clear from the evidence that Moving Defendant was not negligent with regard to the instant action.

Furthermore, since harboring a dangerous dog is considered a summary offense it is "inadmissible for collateral estoppel purposes." Toolan v. Cerulli, 2006 WL 4642834 (CCP Monroe County, December 14, 2006, J. Zulick)[2], *citing* Folino v. Young, 523 Pa. 532, 568 A.2d 171, 173 (1990). *See also* 3 P.S. §459-502-A.

In Toolan, a German Shepherd attacked a child while he was playing across the street from the home where the dog was housed. Toolan, supra. at 226. The plaintiffs argued that collateral estoppel and res judicata should apply since the dog owner was found guilty of harboring a dangerous dog. Id. at 203. The Court - relying upon Folino v. Young, 523 Pa. 532, 568 A.2d 171 (1990); Hurtt v. Stirone, 416 Pa. 493, 206 A.2d 624 (1965), *cert. denied*.; and Loughner v. Schmelzer, 421 Pa. 283, 218 A.2d 768 (1966) - found that the conviction was not admissible for collateral estoppel purposes. Id. at 232. The defendants were not barred by collateral estoppel from raising defenses that the dog was not dangerous and they did not violate the dog leash law. Id.

In order to prove the summary offense of harboring a dangerous dog, one must prove:

    (1) The dog has done any of the following:
        (i) Inflicted severe injury on a human being without provocation on public or private property.

---

[2] A true and correct copy of the Toolan opinion is attached as Exhibit 4 to Moving Defendant's brief.


>   (ii) Killed or inflicted severe injury on a domestic animal, dog or cat without provocation while off the owner's property.
>   (iii) Attacked a human being without provocation.
>   (iv) Been used in the commission of a crime.
>
> (2) The dog has either or both of the following:
>   (i) A history of attacking human beings and/or domestic animals, dogs or cats without provocation.
>   (ii) A propensity to attack human beings and/or domestic animals, dogs or cats without provocation. A propensity to attack may be proved by a single incident of the conduct described in paragraph (1)(i), (ii), (iii) or (iv).
>
> (3) The defendant is the owner or keeper of the dog.

See 3 P.S. ¶459-502-A(a). There is nothing within the statute that creates strict liability for personal injuries as a result of being found guilty of harboring a dangerous dog. Plaintiff is essentially requesting that the Court find Moving Defendant liable strictly liable for his personal injuries. This is simply not permitted by the case law.

Moving Defendant exercised reasonable care in keeping her dogs confined to her premises while getting ready for church on the date of the subject incident. On that date, Moving Defendant had a house guest, Defendant Dr. Barner, that was familiar with the dogs, had taken them outside of the premises on prior occasion without incident, and was admittedly repeatedly instructed that the dogs should not be taken outside without a leash. Despite this, Defendant Dr. Barner let the dogs outside of the premises without leashes allowing them to run off of the property and come upon Plaintiff. It was not Moving Defendant's actions or inactions that contributed or caused this incident. At all times, Moving Defendant exhibited reasonable care in keeping her dogs confined to her premises or within the control of her person. As such, Moving Defendant cannot be negligent per se.

Based upon the foregoing, Moving Defendant is entitled to Judgment as a matter of law that she was not negligent or negligent per se with regard to the subject incident.

WHEREFORE, Moving Defendant Marie Badaracco-Apolito respectfully requests judgment in her favor.

Respectfully Submitted,

**LAW OFFICES OF THOMAS J. KELLEY**

/S/ Shawna R. Laughlin, Esquire
Shawna R. Laughlin, Esquire
50 Glenmaura National Boulevard
Third Floor, Glenmaura Professional Plaza
Moosic, PA 18507
(570) 343-6570; (570) 343-5183 (fax)
slaughli@travelers.com
ID No. 209987