**LAW OFFICES OF THOMAS J. KELLEY & ASSOCIATES**
SHAWNA R. LAUGHLIN, ESQUIRE                    Attorney for Defendant
IDENTIFICATION NO. 209987                       Marie Badaracco-Apolito
50 GLENMAURA NATIONAL BOULEVARD
SUITE 300 – GLENMAURA PLAZA
MOOSIC, PA 18507
(570) 343-6570

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALBERT HUGHES, III | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| vs. | : | (Honorable A. Richard Caputo) |
| | : | |
| MARIE BADARACCO-APOLITO and | : | Electronically Files |
| HENDRICK BARNER, | : | |
| | : | Docket #: 3:14 CV 01839-ARC |
| Defendants | : | |

**DEFENDANT, MARIE BADARACCO-APOLITO'S MOTION IN LIMINE
TO PRECLUDE TESTIMONY REGARDING
OPINION ON THE WAY THE DOGS BIT PLAINTIFF**

NOW COMES, the Defendant, Marie Badaracco-Apolito, by and through her counsel, Thomas J. Kelley & Associates, by Shawna R. Laughlin, Esquire, and hereby moves this Honorable Court to preclude any testimony regarding Plaintiff's or the witnesses' opinions of the way the dogs bit Plaintiff and in support thereof, Defendant avers as follows:

    1.      In this personal injury action, Plaintiff alleges damages as a result of the moving Defendant's two dogs biting his dog and him.

    2.      The Plaintiff's family friend, Sophia Xargay, testified at her deposition that the dogs bit Plaintiff "as if they were trained dogs to subdue somebody . . . ." See Deposition Transcript of Sophia Xargay at 15:16-17, relevant portions attached hereto and marked as Exhibit "**A**."

1

3.      She based her opinion on what she had seen in police movies and another dog bite incident she had witnessed that was different.  See Exhibit A at 22:1-15.

4.      It is anticipated that Plaintiff will elicit this testimony from Ms. Xargay, either through her deposition or live testimony[1], will testify himself about this opinion[2], or elicit it from other witnesses as it was referenced in an earlier mediation memo.

5.      Plaintiff and the witnesses are not qualified to make this determination which is better left for an expert.

6.      The deadline for discovery and expert reports has expired and there have been no reports or evidence to substantiate this claim.

7.      Additionally, Defendant Badaracco-Apolito has testified and will testify that the dogs have gone through no such training.

8.      Furthermore, this opinion testimony is not relevant.

9.      Evidence is relevant if:

   **(a)** it has any tendency to make a fact more or less probable than it
   would be without the evidence; and
   **(b)** the fact is of consequence in determining the action.

Fed. R. Evid. 401

10.     "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

11.     The opinion does not make any fact more or less probable and it does not encompass any fact of consequence in determining the action.

12.     It is anticipated that Plaintiff will argue that the testimony is relevant but relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of  . . . unfair prejudice, confusing the issues, misleading the jury . . . ."  Fed. R. Evid. 403.

---

[1] A subpoena has been issued for Ms. Xargay's live testimony but has been unable to be served as the date of this submission.

13.     If these expert opinions given by lay witnesses are admitted it will unfairly prejudice the Defendant, confuse the issues, and mislead the jury.

14.     Evidence is unfairly prejudicial only if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Carter v. Hewitt, 617 F.2d 961, 972 (C.A.3 1980), *citing* Advisory Committee's Note, F.R.Evid. 403.

15.     "It is unfairly prejudicial if it 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish,' or otherwise 'may cause a jury to base its decision on something other than the established propositions in the case.'" Id., *citing* 1 J. Weinstein & M. Berger, Weinstein's Evidence P 403(03), at 403-15 to 403-17 (1978).

16.     The opinion of the Plaintiff and the witnesses that have no experience or qualifications to testify about dogs trained to attack act would harm Defendant Badaracco-Apolito.

17.     These opinions will be used to improperly influence the jury's opinion of Defendant Badaracco-Apolito possibly leading them to make a determination about her dogs based upon lay opinions based upon improper bases – i.e. what has been portrayed in movies.

18.     This evidence has no probative value, and will serve only to unfairly prejudice the Defendant.

19.     Based upon the foregoing, testimony regarding the way the dogs bit Plaintiff must be precluded.

WHEREFORE, Defendant, Marie Badaracco-Apolito, respectfully requests that this Honorable Court issue an Order precluding testimony regarding the way or manner in which the dogs bit Plaintiff as if they were trained to do so.

**Respectfully Submitted,**

**LAW OFFICES OF THOMAS J. KELLEY**

/S/ Shawna R. Laughlin, Esquire
Shawna R. Laughlin, Esquire
50 Glenmaura National Boulevard
Third Floor, Glenmaura Professional Plaza
Moosic, PA 18507
(570) 343-6570; (570) 343-5183 (fax)
slaughli@travelers.com
ID No. 209987